43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rochelle GILBERT, Plaintiff-Appellant,
v.
CITY OF SHAKER HEIGHTS, Defendant-Appellee.
 No. 94-3608.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1994.
 
 1
 Before: NORRIS and SILER, Circuit Judges; and NEWBLATT, District Judge.*
 
 ORDER
 
 2
 Plaintiff, Rochelle Gilbert, appeals the summary judgment in favor of the defendant, City of Shaker Heights, Ohio, in this civil rights action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. The defendant has filed a motion for leave to supplement its appellate brief. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The background facts are set forth in the district court's opinion and order granting the defendant's motion for summary judgment and will not be repeated here. Suffice it to say that plaintiff sued the defendant alleging that she was discriminatorily fired from a clerk typist position because of her race. Plaintiff sought declaratory, injunctive and monetary relief. The defendant defended on grounds that plaintiff was terminated because of a work record which contained numerous reprimands for abuse of sick leave as well as tardiness, and for threatening to shoot one or more coworkers with an "uzzi." On motion for summary judgment, the district court concluded that plaintiff failed to establish a prima facie case of discrimination and, in any event, failed to carry her ultimate burden of proving that she was the victim of intentional discrimination. Judgment was entered on April 14, 1994. The district court denied plaintiff's motion for reconsideration in a marginal entry order entered May 2, 1994.
 
 
 4
 Upon review, we affirm the grant of summary judgment because there is no genuine issue as to any material fact and the defendant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993).
 
 
 5
 The district court properly found that plaintiff had not carried her initial burden of establishing a prima facie case of discrimination. A plaintiff can establish a prima facie case of discrimination by showing that: (1) she was a member of a protected class; (2) she was subject to an adverse employment decision; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981); McDonald v. Union Camp Corp., 898 F.2d 1155, 1160 (6th Cir.1990). With respect to the third element of a prima facie case of intentional discrimination, in order for plaintiff to show that she was qualified for her position, she must prove that she was performing her job at a level which met her employer's legitimate expectations. McDonald, 898 F.2d at 1160.
 
 
 6
 Although plaintiff was capable of performing work at or above the defendant's expectations, she failed to meet those expectations because of her long-standing problems with abuse of sick leave, unreliability, and poor communication skills with her supervisors. Because plaintiff did not meet the legitimate expectations of the defendant, she was not qualified for her position. Inasmuch as plaintiff was not qualified for her position, she has failed to establish a prima facie case of race discrimination. Accordingly, the defendant's motion for summary judgment was properly granted.
 
 
 7
 Even if it is assumed that plaintiff made out a prima facie case of race discrimination under McDonnell Douglas, summary judgment was justified in this case because the defendant articulated legitimate, non-discriminatory reasons for plaintiff's discharge, i.e., plaintiff's poor employment record, including persistent problems with abuse of sick leave, abuse of the work schedule, poor communication with her supervisors, and plaintiff's threat to shoot her fellow co-workers with an uzzi.
 
 
 8
 Plaintiff did not meet the burden of proving that the reasons for her termination were pretextual. See Burdine, 450 U.S. at 254-56. Plaintiff's purported rebuttal began and ended with her assertion that the threat she made to her co-workers was not the real reason she was fired because "she had no intention of bringing harm to her fellow former co-workers" and that her threat should not have been taken seriously because she did not fit the profile of a person with a predisposition to carry out the threat. As the district court noted, whether Gilbert was capable of carrying out her threat, or whether she fit the profile of a person with a predisposition to such conduct, is immaterial. What matters is how her co-workers perceived the threat. The Director of Recreation conducted a review of the matter and concluded that the threat should be taken seriously, particularly in light of past incidents involving threatening conduct.
 
 
 9
 Finally, the only direct evidence of racial discrimination in the workplace was the reference of Ms. Shelley to herself as a "master" and her African-American subordinates as her "slaves." As the district court properly stated, this type of behavior, if true, is insidious and should be monitored by the defendant. However, plaintiff's statement is uncorroborated by Rule 56(e) evidence and was insufficient in establishing the Director's motivations in firing plaintiff. Thus, there was no genuine issue of material fact to prevent the summary judgment.
 
 
 10
 Accordingly, the motion to supplement the defendant's brief is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Stewart Newblatt, U.S. District Judge for the Eastern District of Michigan, sitting by designation